UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: GEICO CUSTOMER DATA SECURITY
BREACH LITIGATION                                                                       MDL No. 3013

ORDER DENYING TRANSFER

**Before the Panel**:*  Defendants Government Employees Insurance Company, GEICO Indemnity Company, GEICO Casualty Company, and GEICO General Insurance Company (collectively, GEICO) move under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of New York or, alternatively, in the District of Maryland.  This litigation consists of five actions—three pending in the Eastern District of New York, one pending in the District of Maryland, and one pending in the Southern District of California—as listed on Schedule A.  Plaintiffs in the three Eastern District of New York actions support the motion.  Plaintiffs in the District of Maryland *Connelly* action suggest centralization in the District of Maryland or, alternatively, in the Eastern District of New York.  Plaintiffs in the Southern District of California *Vennerholm II* action oppose the inclusion of *Vennerholm II* in any MDL.

On the basis of the papers filed and the hearing session held,[1] we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation.  These putative class actions arise from an alleged data security breach of GEICO's online sales system occurring between January 24, 2021, and March 1, 2021, which resulted in the exposure of personal information belonging to GEICO customers, former customers, and certain other persons.  The actions thus share common questions of fact, including how the GEICO breach occurred, what security measures were in place at the time of the breach, and what steps were taken by GEICO in response to the breach.  There are only five actions on the motion, however, three of which are pending in the same district before the same judge, and no potentially related actions have been brought to our attention.  Where only a minimal number of actions is involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate.  *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010).  Defendant has failed to meet that burden here.

---

*  Judge Norton did not participate in the decision of this matter.  Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1]  In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of September 30, 2021.  *See* Suppl. Notice of Hearing Session, MDL No. 3013 (J.P.M.L. Sept. 13, 2021), ECF No. 30.

We have emphasized that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). These options include agreeing to proceed in a single forum via Section 1404 transfer of the cases and voluntary cooperation and coordination among the parties and the involved courts to avoid duplicative discovery or inconsistent rulings. *See, e.g., In re Gerber Probiotic Prods. Mktg. and Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012); *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004). In the circumstances presented here, informal coordination among the small number of parties and involved courts appears eminently feasible.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | Dale A. Kimball |
| Roger T. Benitez | |

**IN RE: GEICO CUSTOMER DATA SECURITY**
**BREACH LITIGATION**                                              MDL No. 3013

## SCHEDULE A

<u>Southern District of California</u>

VENNERHOLM II, ET AL. v. GEICO CASUALTY COMPANY, ET AL.,
  C.A. No. 3:21−00806

<u>District of Maryland</u>

CONNELLY, ET AL. v. GOVERNMENT EMPLOYEES INSURANCE COMPANY,
  ET AL., C.A. No. 8:21−01152

<u>Eastern District of New York</u>

MIRVIS, ET AL. v. BERKSHIRE HATHAWAY, INC., ET AL., C.A. No. 1:21−02210
BRODY v. BERKSHIRE HATHAWAY, INC., ET AL., C.A. No. 1:21−02481
VISCARDI v. GOVERNMENT EMPLOYEES INSURANCE COMPANY, ET AL.,
  C.A. No. 2:21−02540